IN RE:                                                    Chapter 11

SOLE LIDO DEVELOPMENT, LLC.,              Case No.: 8:11-bk-20163

_____Debtor._____/

## AFFIDAVIT AND FINANCIAL DISCLOSURE
## IN SUPPORT OF DEBTOR'S APPLICATION TO
## APPROVE THE EMPLOYMENT OF BUDDY D. FORD, P.A.

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

**BEFORE ME**, the undersigned authority, personally appeared BUDDY D. FORD, ESQUIRE, who, being duly sworn, deposes and says:

1.      I am BUDDY D. FORD, ESQUIRE. I am an attorney employed by the law firm of BUDDY D. FORD, P.A. I am a member of the bar of the United States District Court for the Middle District of Florida. My law firm and I represent the Debtor in this Chapter 11 bankruptcy case. I make this affidavit in compliance with the provisions of Sections 327(a) and 329(a) of the Bankruptcy Code and F.R.B.P. 2014(a) and F.R.B.P. 2016(b).

2.      Unless otherwise stated, this affidavit is based upon facts of which I have personal knowledge.

3.      In preparing this affidavit, I reviewed the Debtor's bankruptcy schedules and lists that have been filed in this Court. I also compared the information contained in those schedules and lists with the information contained in my law firm's client and adverse party conflict check index system. The facts stated in this affidavit as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in Section 101(14) of the Bankruptcy Code are based upon the results of my review of my firm's conflict check index system.

4.      My law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5.     My firm has not represented the Debtor during the past year. There were no fees due as of the filing to my firm.

6.     No attorney in my firms holds a direct or indirect equity interest in the Debtor [including stock, stock warrants, a partnership interest in a Debtor partnership] or has a right to acquire such an interest.

7.     No attorney in the firm is or has served as an officer, director, or employee of the Debtor within two (2) years before the petition filing.

8.     No attorney in the firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

9.     No attorney in the firm is a general or limited partner of the partnership in which the Debtor is also a general or limited partner.

10.     No attorney in the firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the debtor, within two (2) years before the filing of the petition.

11.     No attorney in the firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three (3) years before the filing of the petition.

12.     No attorney in the firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, or person otherwise adverse or potentially adverse to the Debtor or estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate.

13.     No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter substantially related to the bankruptcy case.

14.     No attorney in the firm represents an insider of the Debtor or the Debtor's parent, subsidiary, or other affiliate.

15.     No attorney in the firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case, except some pre-petition services were provided that was associated with the filing. At the time of filing there were no fees due. The compensation paid or agreed to be paid by the Debtor and/or its principals to the undersigned is:

    a.     For legal services rendered or to be rendered in contemplation of and in connection with this case...$25,000.00 as a fee retainer, a $1,000.00 cost

retainer, and $1,039.00 as a filing fee for a total of $27,039.00 paid by the Debtor. Counsel for the Debtor recognizes the Court will determine the reasonableness of fees pursuant to the provisions of Section 330 of the Bankruptcy Code.

b.  Prior to filing the bankruptcy petition on October 28, 2011, counsel received $25,000.00 as a retainer to be billed against at Three Hundred Fifty Dollars ($350.00) per hour for attorneys' fees and One Hundred Dollars ($100.00) per hour for paralegal fees plus costs. Also, counsel received a cost retainer of $1,000.00 and $1,039.00 for the filing fee. No additional fees are due, or will be accepted until ordered by the Bankruptcy Court.

16.  There is no agreement of any nature, other than the partnership agreement of my firm, as to the sharing of any compensation to be paid to the firm.

17.  No attorney in the firm has any other connection with the Debtor, creditors, United States Trustee, or any employee of that office, or any other parties in interest.

18.  No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

19.  The services rendered or to be rendered, include the following:

a.  Analysis of the financial situation, and rendering advice and assistance to the Debtor in determining whether to file a petition under Title 11, United States Code.

b.  Advising the Debtor with regard to the powers and duties of the debtor and as Debtor-in-Possession in the continued operation of the business and management of the property of the estate.

c.  Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the Court.

d.  Representation of the Debtor at the meeting of creditors.

e.  Preparation, on behalf of the Debtor, any necessary applications, answers, orders, reports, complaints, plans, disclosure statements and other legal papers and appear at hearings thereon.

f.  To perform all other legal services for the Debtor as Debtor-in-Possession which may be necessary herein, and it is necessary for the Debtor-in-Possession to employ this attorney for such services.

20.     This concludes my affidavit.

BUDDY D. FORD, P.A.,


By:_____
        BUDDY D. FORD, ESQUIRE

**SWORN to and SUBSCRIBED** before me, this 28th day of October, 2011, by BUDDY D. FORD, ESQUIRE on behalf of BUDDY D. FORD, P.A. who is personally known to me and who did take an oath.

NOTARY PUBLIC:


State of Florida at Large (SEAL)

cc:     U.S. Trustee
        Debtor

4